1 | P a g e

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CANDICE COX PATTI,

      Plaintiff,

vs.

DAVID B. HEVERT, M.D., P.A. d/b/a
GLADES MEDICAL GROUP,

      Defendant.

_____/

## COMPLAINT

Plaintiff, CANDICE COX PATTI ("Ms. Patti") sues Defendant, DAVID B. HEVERT, M.D., P.A. d/b/a Glades Medical Group ("Glades Medical Group"), alleges as follows:

## INTRODUCTION

1. This action is brought by Ms. Patti to recover money damages and equitable relief for unpaid overtime wages, pursuant to 29 U.S.C. §§ 201-219, the Fair Labor Standards Act ("the FLSA").

2. Section 7 of the FLSA requires that an employer pay a non-exempt employee one and one-half times the employee's regular rate of pay for each hour worked in excess of 40 hours during a workweek. 29 U.S.C. §207(a)(1).

3. As the Eleventh Circuit Court of Appeals has repeatedly held, "the goal of the FLSA is to counteract the inequality of bargaining power between employees and employers." *See, e.g.,* Walthour v. Chipio Windshield Repair, LLC, 745 F.3d 1326, 1332 (11th Cir. 2014)(*quoting* Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697 (1945)).

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 29 U.S.C. §216.

5. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under the provisions of 28 U.S.C. §1331.

6. Venue in this District is proper because Ms. Patti and Glades Medical Group reside in this District, and because it is the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. §1391(b).

## PARTIES

7. At all times relevant to this Complaint, Ms. Patti, was an employee of Glades Medical Group, including within the last 3 years, and is a covered employee under the FLSA.

8. At all times relevant to this Complaint, corporate Defendant, Glades Medical Group, is a Florida corporation, which has its principal place of business in Palm Beach County, Florida, where Plaintiff was employed, and at all times material, was and is engaged in interstate commerce.

9. Glades Medical Group has a gross volume of sales made or business done of $500,000.00 or more per annum and employs at least two individuals who are routinely involved in interstate commerce, as set forth more fully below.

10. Based upon the above, Glades Medical Group is and was an "enterprise" as defined by 29 U.S.C. §203(r) and an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. §203(s).

## BACKGROUND AND GENERAL ALLEGATIONS

11. Glades Medical Group provides medical spa[1] services through Ageless Energetics, Inc. ("Ageless Energetics"), its medical spa facility[2]. Glades Medical Group and

---

[1] *See* https://www.agelessenergetics.com/ (last visited August 23, 2019).
[2] A medical spa facility is a hybrid between a traditional day spa and a medical clinic. Medical spas offer results-driven medical treatments (e.g. injections, laser treatments, chemical peels). Ageless Energetics provides such treatments.

Ageless Energetics are both owned by David Hevert, M.D.

12. Glades Medical Group hired Ms. Patti in June 2011 as an hourly employee to develop Ageless Energetics.

13. Ms. Patti was employed as a facialist/esthetician.

14. Mrs. Hevert, who is married to the company owner, helped to manage Ageless Energetics. Mrs. Hevert maintained a strict and unrelenting work environment[3].

15. Ms. Patti's initial role was to do facials and have consultations with clients desiring facial fillers. She proved vital to Ageless Energetics' open houses called "Filler Fridays."

16. Some days, Ms. Patti had to stand in the hot South Florida sun and hand out Ageless Energetics flyers to passersby.

17. Ms. Patti was also tasked with updating Ageless Energetics' social media content on Twitter, Facebook, and Instagram, even from her home and "off the clock."

18. Worst of all, Ms. Patti was somehow required to do the laundry for Ageless Energetics. The company claimed it could not afford laundry service. And so, in addition to all Ms. Patti's other responsibilities, she was required to take Ageless Energetics' laundry to her home— dragging all 40 pounds of it—up two flights of stairs, to do the washing. This went on until 2018 when her washing machine broke.

19. Ms. Patti's rate of pay and the number of hours she was expected to work without overtime was even more frustrating.

20. In 2012, Ms. Patti was put on salary to be paid $18.50 per hour, no matter how many hours she worked. She was never paid overtime.

21. In 2013, Ms. Patti was promised a raise, which she never received. Mrs. Hevert

---

[3] Consequently, Ageless Energetics has a high employee turnover.

**Rodal Law, P.A.**
5300 NW 33rd Ave., Ste. 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

remarked that Ms. Patti should be "happy" for the rate of pay she earned. Again, for all the hours she worked, Ms. Patti did not receive any overtime pay.

22. That same year, Ms. Patti was also promised a commission and bonus. Ms. Patti never received a commission. Her only bonus was for $500.00.

23. In 2018, after seven years of working at the same rate, Ms. Patti received a $2.50-hour raise, but still did not receive any overtime, despite working in excess of 40 hours nearly every single week.

24. Ms. Patti regularly worked beyond her scheduled hours. She was rarely permitted to leave for lunch. She had to inform her manager if she ever went for coffee. Nonetheless, Ageless Energetics opportunistically sought ways to increase Ms. Patti's work hours with new clientele. For example, for the past two years, Ageless Energetics offered the widely popular, "Vivace" facial treatments. Ms. Patti was expected to remain after her scheduled time to provide that service, again, without overtime.

25. Ms. Pattie was required to work on numerous Saturdays during the 2 years prior to the filing of this Complaint, in addition to the more than 50 hours she had already worked that week.

26. Ms. Patti estimates that she is entitled to 1,632 hours of unpaid overtime since 2017.

27. Ms. Patti performed the duties assigned to her because she felt intimidated and frightened that she would lose her job.

28. Ms. Patti's experience working for Ageless Energetics is exactly the type of injustice the FLSA is designed to protect against.

29. All conditions precedent to the filing of this action have occurred or have been

waived.

## COUNT I-VIOLATION OF FLSA: FAILURE TO PAY OVERTIME

30. Ms. Patti repeats, realleges and incorporates by reference paragraphs 1 through 29.

31. Glades Medical Group is engaged in interstate commerce and has over 20 employees. Glades Medical Group's annual gross revenue is well in excess on $500,000.00. Therefore, there is FLSA enterprise coverage.

32. Ms. Patti was employed by Glades Medical Group—an enterprise engaged in interstate commerce. Ms. Patti, through her regular daily activities was regularly engaged in interstate commerce. Therefore, there is FLSA individual coverage.

33. Glades Medical Group employed Ms. Patti, as a non-exempt salaried employee from June 2011, through August 15, 2019, or more than 4 years.

34. Ms. Patti is only seeking relief for those violations that fall within the statute of limitations.

35. Ms. Patti worked in excess of 40 hours for many weeks within the past three years, including the past year, but she was not paid for overtime hours at the rate of time and a half her regular wage rate.

36. Glades Medical Group knew of Ms. Patti's overtime hours as Ms. Patti's manager was involved in the setting of the hours himself.

37. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees ... for a work week longer than 40 hours unless such employee receives compensation for her employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

**Rodal Law, P.A.**
5300 NW 33rd Ave., Ste. 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

38.     Ms. Patti was not paid for overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty, in violation of 29 U.S.C. §207 (a)(1).

39.     The Defendant knowingly enjoyed the labor of Ms. Patti, and Ms. Patti worked at the will of Glades Medical Group.

40.     Defendant willfully and intentionally refused to pay Ms. Patti's overtime wages as required by the FLSA, knew of the overtime requirements of the FLSA, and recklessly failed to investigate whether Glades Medical Group's payroll practices were in accordance with the FLSA.

41.     Defendant Glades Medical Group willfully and intentionally refused to pay Ms. Patti overtime wages at the rate of time and one half her regular rate, as required by the law of the United States, and remains owing Ms. Patti these overtime wages since the commencement of her employment with Defendant as set forth above.

42.     Ms. Patti has retained the law offices of Rodal Law, P.A. to represent her in this action and has agreed to pay a reasonable attorney's fee.

43.     As a result of the above violations of the FLSA, Ms. Patti is entitled to recovery for compensatory damages and an equal amount of liquidated damages, together with reasonable attorney's fees and costs.

**WHEREFORE**, Plaintiff, CANDICE COX PATTI, respectfully asks this Court to:

a) Enter judgment against Defendant DAVID B. HEVERT, M.D., P.A. d/b/a Glades Medical Group and in favor of Ms. Patti on the basis of Defendant's willful violations of the FLSA, 29 U.S.C. § 201 et seq.;

b) Award Ms. Patti her actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest;

6 | P a g e

**Rodal Law, P.A.**
5300 NW 33rd Ave., Ste. 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

7 | P a g e

    c) Award Ms. Patti an equal amount in double damages/liquidated damages;

    d) Award Ms. Patti her reasonable attorney fees, costs, and expenses; and

    e) For such other relief to which this Honorable Court may deem just and proper

## **DEMAND FOR JURY TRIAL**

Plaintiff, CANDICE COX PATTI, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ *Yechezkel Rodal*
Yechezkel Rodal, Esq.
Florida Bar Number: 91210
Rodal Law, P.A.
5300 N.W. 33rd Ave., Ste. 219
Ft. Lauderdale, Florida 33309
Telephone: (954) 367-5308
Facsimile: (954) 900-1208
E-mail: Chezky@Rodallaw.com

*Counsel for Plaintiff*

7 | P a g e

**Rodal Law, P.A.**
5300 NW 33rd Ave., Ste. 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com