UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:19-cv-81217-RAR

CANDICE COX PATTI,

    Plaintiff,

v.

DAVID B. HEVERT, M.D., P.A. d/b/a
Glades Medical Group,

    Defendant.
_____/

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

Defendant, DAVID B. HEVERT, M.D., P.A. d/b/a Glades Medical Group (hereinafter "Defendant"), by and through undersigned counsel, hereby files its Answer, Affirmative Defenses and Counterclaim, and declares and avers as follows:

Defendant denies each and every allegation of the Plaintiff's Complaint not expressly or otherwise admitted below. Defendant also specifically reserves the right to assert any additional affirmative defenses in matters of avoidance that may be disclosed during the course of additional investigation and discovery. Defendant's Answer to each of the specifically enumerated paragraphs of the Plaintiff's Complaint is as follows:

1. With regard to the allegations contained in Paragraph 1 of Plaintiff's Complaint, Defendant admits Plaintiff has filed this action for alleged violations of the FLSA, otherwise denies the allegations, inferences and legal conclusions contained in Plaintiff's Complaint states a cause of action and demands strict proof thereof.

2. With regard to the allegations contained in Paragraph 2 of Plaintiff's Complaint, Defendant avers the statute speaks for itself, otherwise denies the allegations, inferences and legal conclusions contained in Plaintiff's Complaint states a cause of action and demands strict proof thereof.

3. With regard to the allegations contained in Paragraph 3 of Plaintiff's Complaint, Defendant avers the case law speaks for itself, otherwise denies the allegations, inferences and legal conclusions contained in Plaintiff's Complaint states a cause of action and demands strict proof thereof.

4. With regard to the allegations contained in Paragraph 4 of Plaintiff's Complaint, Defendant does not contest subject matter jurisdiction, otherwise denies the allegations, inferences and legal conclusions contained in Plaintiff's Complaint states a cause of action and demands strict proof thereof.

5. With regard to the allegations contained in Paragraph 5 of Plaintiff's Complaint, Defendant does not contest subject matter jurisdiction, otherwise denies the allegations, inferences and legal conclusions contained in Plaintiff's Complaint states a cause of action and demands strict proof thereof.

6. With regard to the allegations contained in Paragraph 6 of Plaintiff's Complaint, Defendant does not contest venue, otherwise denies the allegations, inferences and legal conclusions contained in Plaintiff's Complaint states a cause of action and demands strict proof thereof.

7. With regard to the allegations contained in Paragraph 7 of Plaintiff's Complaint, Defendant admits Plaintiff was an employee of Defendant within the last three (3) years. Answering further, Defendant does not contest coverage, otherwise denies the allegations,

inferences and legal conclusions contained in Plaintiff's Complaint states a cause of action and demands strict proof thereof.

8. With regard to the allegations contained in Paragraph 8 of Plaintiff's Complaint, Defendant does not contest coverage, otherwise denies the allegations, inferences and legal conclusions contained in Plaintiff's Complaint states a cause of action and demands strict proof thereof.

9. With regard to the allegations contained in Paragraph 9 of Plaintiff's Complaint, Defendant does not contest coverage, otherwise denies the allegations, inferences and legal conclusions contained in Plaintiff's Complaint states a cause of action and demands strict proof thereof.

10. With regard to the allegations contained in Paragraph 10 of Plaintiff's Complaint, Defendant does not contest coverage, otherwise denies the allegations, inferences and legal conclusions contained in Plaintiff's Complaint states a cause of action and demands strict proof thereof.

11. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 11 of Plaintiff's Complaint and demands strict proof thereof.

12. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 12 of Plaintiff's Complaint and demands strict proof thereof.

13. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 13 of Plaintiff's Complaint and demands strict proof thereof.

14. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 14 of Plaintiff's Complaint and demands strict proof thereof.

15. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 15 of Plaintiff's Complaint and demands strict proof thereof.

16. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 16 of Plaintiff's Complaint and demands strict proof thereof.

17. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 17 of Plaintiff's Complaint and demands strict proof thereof.

18. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 18 of Plaintiff's Complaint and demands strict proof thereof.

19. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 19 of Plaintiff's Complaint and demands strict proof thereof.

20. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 20 of Plaintiff's Complaint and demands strict proof thereof.

21. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 21 of Plaintiff's Complaint and demands strict proof thereof.

22. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 22 of Plaintiff's Complaint and demands strict proof thereof.

23. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 23 of Plaintiff's Complaint and demands strict proof thereof.

24. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 24 of Plaintiff's Complaint and demands strict proof thereof.

25. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 25 of Plaintiff's Complaint and demands strict proof thereof.

26. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 26 of Plaintiff's Complaint and demands strict proof thereof.

27. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 27 of Plaintiff's Complaint and demands strict proof thereof.

28. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 28 of Plaintiff's Complaint and demands strict proof thereof.

29. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 29 of Plaintiff's Complaint and demands strict proof thereof.

30. With regard to the allegations, inferences and legal conclusions contained in Paragraph 30 of Plaintiff's Complaint, Defendant re-avers and incorporates as if fully set forth herein its responses to Paragraphs 1-29 of Plaintiff's Complaint above.

31. With regard to the allegations contained in Paragraph 31 of Plaintiff's Complaint, Defendant does not contest coverage, otherwise denies the allegations, inferences and legal conclusions contained in Plaintiff's Complaint states a cause of action and demands strict proof thereof.

32. With regard to the allegations contained in Paragraph 32 of Plaintiff's Complaint, Defendant does not contest coverage, otherwise denies the allegations, inferences and legal conclusions contained in Plaintiff's Complaint states a cause of action and demands strict proof thereof.

33. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 33 of Plaintiff's Complaint and demands strict proof thereof.

34. With regard to the allegations contained in Paragraph 34 of Plaintiff's Complaint, Defendant avers it is a non-sequitur, as no plaintiff is entitled to relief for violations falling outside

the statute of limitations. Answering further, Defendant denies the allegations, inferences and legal conclusions contained in Plaintiff's Complaint states a cause of action and demands strict proof thereof.

35. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 35 of Plaintiff's Complaint and demands strict proof thereof.

36. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 36 of Plaintiff's Complaint and demands strict proof thereof.

37. With regard to the allegations contained in Paragraph 37 of Plaintiff's Complaint, Defendant avers the statute speaks for itself, otherwise denies the allegations, inferences and legal conclusions contained in Plaintiff's Complaint states a cause of action and demands strict proof thereof.

38. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 38 of Plaintiff's Complaint and demands strict proof thereof.

39. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 39 of Plaintiff's Complaint and demands strict proof thereof.

40. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 40 of Plaintiff's Complaint and demands strict proof thereof.

41. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 41 of Plaintiff's Complaint and demands strict proof thereof.

42. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 42 of Plaintiff's Complaint and demands strict proof thereof.

43. Defendant denies the allegations, inferences and legal conclusions contained in Paragraph 43 of Plaintiff's Complaint and demands strict proof thereof.

Defendant denies Plaintiff is entitled to any of the relief or damages in the wherefore clause, including all sub-parts, and demands strict proof thereof. Defendant also denies Plaintiff is entitled to pre-judgment interest, as a matter of law.

## AFFIRMATIVE DEFENSES

44. As and for its First Affirmative Defense, Defendant states that none of its actions were "willful," as said term is defined by the Fair Labor Standards Act, regulations, and interpretive case law.

45. As and for its Second Affirmative Defense, Defendant states that the Plaintiff's claim for liquidated damages is barred because Defendant at all times material hereto acted in good faith and had reasonable grounds for believing that its policies and practices were not violations of the FLSA.

46. As and for its Third Affirmative Defense, Defendant states that all or part of the Plaintiff's claims are barred by the applicable statute of limitations.

47. As and for its Fourth Affirmative Defense, Defendant states that the Plaintiff's claims are barred because Defendant at all times material hereto acted in good faith in conformity with and in reliance on written administrative regulations, orders, rulings, approvals and/or interpretations of the Administrator of the Wage and Hour Division of the Department of Labor.

48. As and for its Fifth Affirmative Defense, Defendant states that Plaintiff has failed to states a claim upon which relief may be granted.

49. As and for its Sixth Affirmative Defense, Defendant states that the Plaintiff's claims are barred because any compensable hours worked by the Plaintiff over forty (40) in any particular workweek for which she was not properly paid was without the knowledge, either actual or constructive, of Defendant.

50. As and for its Seventh Affirmative Defense, Defendant states that the Plaintiff's claims are barred because she was properly paid by Defendant.

51. As and for its Eighth Affirmative Defense, Defendant states that the Plaintiff's claims are barred by the "*de minimus*" doctrine.

52. As and for its Ninth Affirmative Defense, Defendant states that at all times material hereto, Plaintiff was exempt from overtime pay as she was employed as a bona fide executive, administrative and/or professional employee, pursuant to § 213(a)(1) of the FLSA.

53. As and for its Tenth Affirmative Defense, Defendant states that the Plaintiff's claim for attorneys' fees and costs is barred based on the authority of *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162 (S.D. Fla. 2003).

54. As and for its Eleventh Affirmative Defense, Defendant states that the Plaintiff's claims are frivolous, both in factual and legal substance, and Defendant is entitled to an award of its attorneys' fees and costs incurred in defending the instant action.

55. As and for its Twelfth Affirmative Defense, Defendant states that Plaintiff may not recover both liquidated damages and prejudgment interest under the FLSA.

Defendant reserve the right to assert additional affirmative defenses which may be learned or disclosed through the discovery process.

**DEMAND FOR COSTS AND ATTORNEY'S FEES**

Defendant is entitled to an award of costs and attorney's fees incurred in defense of Plaintiff's claims because the claims have been brought in bad faith. *See, e.g., Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541 (11th Cir. 1985), and *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428 (11th Cir. 1998). In this regard, the timing and motive behind this lawsuit is highly suspect, coming on the heels of a "cease and desist" communication sent on behalf of Defendant,

by and through its legal counsel, and delivered to Plaintiff less than a week prior to the filing of this lawsuit (on or about August 23, 2019), in which Defendant notified Plaintiff of its discovery of Plaintiff's misappropriation of Defendant's property, consisting of laptops and a cell phone, along with patient lists *and HIPAA protected medical information*, as well as her direct solicitations of such patients to work with Plaintiff's new employer (a competitor in the same industry as Defendant). Defendant's legal counsel further notified Plaintiff that the taking of the Defendant's files is illegal under Florida law and further constitutes a tortious interference with the Defendant's business. Defendant's legal counsel further notified Plaintiff that in the event she failed and/or refused to immediately comply with the Defendant's demand in this regard, Defendant would seek court intervention and pursue any and all available legal remedies to protect its business and patient information, including the pursuit of immediate injunctive relief, monetary damages, and the disgorgement of any and all monies Plaintiff has received as a result of her illegal conduct.

WHEREFORE, having fully answered the Plaintiff's Complaint, Defendant prays that this Honorable Court dismiss with prejudice the Plaintiff's claims in full, tax costs against the Plaintiff and in favor of Defendant, and reserve jurisdiction to consider a timely filed motion for attorneys' fees on the authority of *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541 (11th Cir. 1985).

**COMPULSORY COUNTERCLAIM AND DEMAND FOR JURY TRIAL**

Defendant/Counter-Plaintiff, David B. Hevert, M.D., P.A., a Florida corporation, d/b/a Glades Medical Group (hereinafter referred to as "Glades Medical Group"), by and through undersigned counsel, sues Plaintiff/Counter-Defendant, Candice Cox Patti, individually (hereinafter referred to as "Patti"), and for its causes of action declares and avers as follows:

1. This is an action for declaratory and injunctive relief, as well as monetary damages,

for tortious interference with business relationships, conversion and misappropriation of trade secrets.

2. Glades Medical Group is a Florida corporation, operating as a medical practice, and providing medical services, in Boca Raton, Palm Beach County, Florida.

3. Dr. David Hevert (hereinafter referred to as "Dr. Hevert") owns and operates Glades Medical Group.

4. Dr. Hevert also owns and operates Ageless, a Florida corporation, operating as a medical spa, and providing aesthetic services and products through Glades Medical Group, in Boca Raton, Palm Beach County, Florida.

5. Patti is a citizen and resident of Palm Beach County, Florida, over the age of eighteen (18), within the Court's jurisdiction and otherwise *sui juris*.

6. Patti owns and operates Candyskin LLC, a Florida limited liability company, providing certain aesthetic services and products, in Boca Raton, Palm Beach County, Florida. Candyskin is nothing more than an alter ego of Patti.

7. Since in or about June 2011 Glades Medical Group employed Patti at a management level capacity, most recently as the Medi-Spa Director of Ageless at an annual salary of approximately $55,000.00.

8. During her employment with Glades Medical Group, Patti was exposed, and had access to, highly confidential and proprietary information of Glades Medical Group, including, but not limited to, patient lists, contract terms, methods of operations, pricing, marketing plans, software specifications, software code, functionality, know how, and financial information (hereinafter collectively referred to as "the Confidential Proprietary Information"). As such, during her employment, Patti was in a position to learn and know Glades Medical Group's patient

relationships and additionally had exposure and access to the Confidential Proprietary Information.

9. The aforementioned information was designed and intended to be for the exclusive use and benefit of of Glades Medical Group and the valuable Confidential Proprietary Information neither is readily available to other persons nor permissibly disseminated to the public. Indeed, Glades Medical Group spends a significant amount of time, effort and money annually, to market its services, including extensive direct marketing, consumer research, public relations, internet and other advertising, and the deployment and maintenance of an extensive and sophisticated website and electronic database. Moreover, in addition to this marketing, Glades Medical Group expends a substantial amount of time, effort and money analyzing, researching, categorizing and annotating the information contained and maintained in the database, further distilling the information into a more streamlined and efficiently targeted form. At all times material hereto, Glades Medical Group's customer data and information qualified as trade secrets and it is critical for Glades Medical Group to protect this confidential and proprietary information in order to maintain its competitive advantage.

10. Glades Medical Group's Confidential Proprietary Information would be highly valuable to Glades Medical Group's competitors because it would allow them to quickly target and solicit identified patients without undertaking any of the substantial time, effort and expense incurred by Glades Medical Group in culling, compiling and distilling the information, developing those substantial relationships and marketing its services.

11. Furthermore, once identified, the patients often provide repeat business to Glades Medical Group and establish an ongoing and mutually beneficial relationship with Glades Medical Group.

12. A competitor of Glades Medical Group – like Patti (and/or Candyskin) – who

obtains the information described above by employing or otherwise utilizing the knowledge and information possessed by individuals like Patti, thereby gains an unfair competitive advantage over Glades Medical Group in any market in which the competitor and Glades Medical Group both operate. For this reason, Glades Medical Group restricted Patti's access to this information through password protection and other efforts reasonable under the circumstances to maintain the secrecy of this information. Additionally, much of this information is subject to protection under HIPAA, further restricting Patti's use and disclosure of same.

13. On or about August 14, 2019, and without Glades Medical Group's knowledge or consent, Patti surreptitiously formed Candyskin, in order to operate as a facial spa and compete with Glades Medical Group.

14. The very next day, on or about August 15, 2019, Patti abruptly resigned her employment, walking out of the building and off the job, without any prior notice or warning. In the process, Patti removed Glades Medical Group property, including but not limited to two (2) tablets (portable computers) and a camera storing private patient/client pictures. Patti also removed client forms and files from the office.

15. At all times material hereto, since she resigned on or about August 15, 2019, Patti has been soliciting patients of Glades Medical Group for purposes of providing competitive aesthetic services and products. Indeed, Glades Medical Group has received reports from patients/clients to the effect that Patti is holding herself out as having owned Ageless. Patti also has communicated with current employees of Glades Medical Group about her new business.

16. By virtue of her former employment with Glades Medical Group, and the knowledge she derived therefrom, Patti took with her Glades Medical Group's Confidential Proprietary Information and is using it in furtherance of Candyskin's competing business, in order

to directly – and unfairly – compete against Glades Medical Group by tortiously interfering not only with Glades Medical Group patient/client relationships, but also by tortiously interfering with Glades Medical Group's employment relationships.

17. At all times material hereto, Patti, by virtue of, and in connection with, her competing company, Candyskin, is in a position to continue to use Glades Medical Group's trade secrets and Confidential Proprietary Information to unfairly compete in a way that will result in irreparable harm to Glades Medical Group's business interests.  Patti, through Candyskin, competes with Glades Medical Group essentially for the same patients/clients in Boca Raton.  If used by Patti, the Confidential Proprietary Information known by Patti would create an unfair competitive advantage in favor of Patti, and a concurrent disadvantage to Glades Medical Group, in this industry.

18. Having access to the trade secrets and Confidential Proprietary Information of Glades Medical Group, Patti is in a position to use the information to Glades Medical Group's detriment in ways unlikely to be measurable or quantifiable in terms of monetary damages, in that she may use the Confidential Proprietary Information to tortiously interfere with Glades Medical Group's employees and/or patient/client relationships in order to unfairly compete with Glades Medical Group in a way that a competitor without this information could not.

19. If Patti is permitted to continue to tortiously interfere with Glades Medical Group's employee and patient/client relationships, Glades Medical Group will suffer continued irreparable harm.

20. All conditions precedent to the filing of this action have occurred, been waived or performed.

21. Glades Medical Group has retained the undersigned counsel to pursue its claims

against Patti, and is obligated to pay its counsel a reasonable fee for services rendered in connection with this dispute.

## COUNT I - TORTIOUS INTERFERENCE

28. Glades Medical Group re-alleges and re-avers paragraphs 1 through 27 of the Complaint as though fully set forth herein.

29. A business relationship existed and/or exists between Glades Medical Group and its clients/patients, as well as between Glades Medical Group and its employees. These are advantageous relationships of Glades Medical Group, through which it has legal rights.

30. Patti knows of these relationships.

31. Patti intentionally and unjustifiably interfered with, and continues to interfere with, these relationships. Patti's conduct constitutes wrongful and intentional interference with the business rights and privileges of Glades Medical Group.

32. Patti's conduct in interfering with the business relationships of Glades Medical Group directly and proximately have caused, and continue to cause, damage to Glades Medical Group.

WHEREFORE, Glades Medical Group requests judgment against Patti for:

A. Temporary and permanent injunctive relief, prohibiting Patti from tortiously interfering with Glades Medical Group's business relationships;

B. Damages for the losses caused by Patti's tortious interference with Glades Medical Group's business relationships; and

C. Such other and further relief as the Court deems just and proper.

## COUNT II - VIOLATION OF FLORIDA'S UNIFORM TRADE SECRETS ACT

33. Glades Medical Group re-alleges and re-avers paragraphs 1 through 27 of the Complaint as though fully set forth herein.

34. This is an action against Patti pursuant to §§ 688.003 and 688.004, Fla. Stat., to enjoin the use of a trade secret, for an accounting, for actual damages, reasonable royalties and exemplary damages.

35. Over the course of several years, Glades Medical Group has developed its confidential and proprietary business information. This information was, and still is, crucial to Glades Medical Group in furtherance of its business and in obtaining a competitive edge in the aesthetics industry.

36. The information constitutes trade secrets of Glades Medical Group, in that they are compilations of information which: (1) derive independent economic value, actual or potential, from not being generally known to or being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use; and (2) are the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

37. Patti misappropriated Glades Medical Group's trade secrets for her own benefit.

38. Patti's misappropriation was willful and malicious.

39. Patti's acts have resulted, and will continue to result, in Patti's unjust enrichment.

40. Patti's use of the trade secrets has continued, and will continue, to damage business and business interests of Glades Medical Group.

41. Patti, unless restrained, will continue to cause prejudice and damage to Glades Medical Group.

WHEREFORE, Glades Medical Group requests that this Court:

A. Enter a temporary and permanent injunction restraining Patti from further

disclosing or using the records, material or information;

  B. Enter an order requiring Patti to prepare an itemized list of all of Glades Medical Group's information currently in her possession, and to produce said list to Glades Medical Group;

  C. Enter an order directing Patti to prepare an itemized list of all of Glades Medical Group's information previously in her possession, including the detailed present location of the information, and to produce said information to Glades Medical Group;

  D. Award Glades Medical Group an amount equal to the actual losses sustained by Glades Medical Group as a result of Patti's use of the information;

  E. Award Glades Medical Group unjust enrichment damages caused by the misappropriation of trade secrets that is not taken into account in computing the actual losses;

  F. Award Glades Medical Group reasonable royalties for the unauthorized disclosure or use of the trade secrets;

  G. Order an accounting of Patti's profits and an amount equal to any such profits realized by Patti as a result of the misappropriation of the information, that are not taken into account in computing Glades Medical Group's actual losses;

  H. Award Glades Medical Group costs and disbursements, and reasonable attorneys' fees pursuant to statute, including Fla. Stat. § 688.005; and

  I. Award such other and further relief as the Court deems just and proper.

## COUNT III – CONVERSION

42. Glades Medical Group re-alleges and re-avers paragraphs 1 through 27 of the Complaint as though fully set forth herein.

43. Patti misappropriated corporate property from Glades Medical Group for her own use and benefit without the consent, permission or authorization of Glades Medical Group and

without justification.  The corporate property included, *inter alia*, Glades Medical Group's company property, including smart phones, tablets, patient forms and files, patient lists and other patient information, trade secrets and otherwise proprietary confidential information.

44. Said corporate property is, and was, confidential and proprietary in nature.

45. As such, Patti has wrongfully asserted dominion and control over Glades Medical Group's property, inconsistent with its ownership thereof, and has permanently deprived Glades Medical Group of its proprietary rights.

46. Patti's conversion of Glades Medical Group's property for her own use was intentional, willful and made with a total disregard for the rights of Glades Medical Group.

47. As a direct and proximate result of Patti's conduct, Glades Medical Group has incurred damages.

48. Due to Patti's conversion, Glades Medical Group has lost exclusive use of its corporate property.

WHEREFORE, Glades Medical Group demands judgment against Patti for compensatory damages, costs and disbursements, and such other and further relief as the Court deems just and proper.

Dated:  September 25, 2019  
       Boca Raton, FL

Respectfully submitted,

*s/ Daniel R. Levine*  
DANIEL R. LEVINE, ESQ.  
Florida Bar No. 0057861  
E-mail:  DRL@PBL-Law.com  
PADULA BENNARDO LEVINE, LLP  
3837 NW Boca Raton Blvd., Suite 200  
Boca Raton, FL   33431  
Telephone:    (561) 544-8900  
Facsimile:    (561) 544-8999  
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Daniel R. Levine*
DANIEL R. LEVINE, ESQ.

## SERVICE LIST

*Candice Cox Patti v. David B. Hevert, M.D., P.A. d/b/a Glades Medical Group*
Case No. 9:19-cv-81217-RAR  (Ruiz / Reinhart)
United Statess District Court, Southern District of Florida

| | |
|---|---|
| Yechezkel Rodal, Esquire | Daniel R. Levine, Esquire |
| E-Mail:  Chezky@Rodallaw.com | E-Mail:  DRL@PBL-Law.com |
| Rodal Law, P.A. | Padula Bennardo Levine, LLP |
| 5300 NW 33 Avenue, Suite 219 | 3837 NW Boca Raton Blvd., Suite 200 |
| Fort Lauderdale, FL  33309 | Boca Raton, FL  33431 |
| Telephone:     (954) 367-5308 | Telephone:     (561) 544-8900 |
| Facsimile:     (954) 900-1208 | Facsimile:     (561) 544-8999 |
| Counsel for Plaintiff | Counsel for Defendant |
| *Via CM/ECF* | *Via CM/ECF* |